



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 14, 2018**

**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | **Case No. 18-30446-hdh7** | |
| **Charlie Lee Williams,** § | | |
| § | | |
| Debtor. § | | |
| § | | |
| § | | |
| **Jose I. Rosado,** § | | |
| § | | |
| Plaintiff, § | | |
| § | **Adversary No. 18-03062-hdh** | |
| v. § | | |
| § | | |
| **Charlie Lee Williams,** § | | |
| § | | |
| Defendant. § | | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 26, 2018, Jose I. Rosado (the "Plaintiff") filed a complaint[1] initiating the above-captioned adversary proceeding against Charlie Lee Williams (the "Defendant"). Both parties are *pro se*. The Plaintiff essentially asks this Court to deny the Defendant's discharge as to a particular

---

[1] Objection to Discharge [Docket No. 1].

debt. The debt is from a state court judgment the Plaintiff received against the Defendant in the amount of $16,874.96.[2] Although the Plaintiff's complaint is somewhat unclear, the action appears to be brought under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6).

The Court conducted a trial in this case on December 12, 2018. After trial, the Court took the matter under advisement. The following are the Court's Findings of Fact and Conclusions of Law, issued pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings, by Federal Rule of Bankruptcy Procedure 7052.[3] For the reasons set forth in greater detail below, the Court finds and concludes that, in this case, insufficient evidence has been presented to except the Plaintiff's judgment from the Debtor's discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and the claims asserted in this proceeding under 28 U.S.C. § 1334. This adversary proceeding involves a core matter under 28 U.S.C. § 157(b)(2)(A) and (I), as it involves a determination as to the dischargeability of a particular debt. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## I.   FINDINGS OF FACT

It is undisputed that on or about January 21, 2015, the Plaintiff bought a house from the Defendant. It is also undisputed that as part of the purchase agreement, the Plaintiff assumed the first mortgage on the house. The dispute between the parties stems from the second mortgage on the house. The Plaintiff claims that he gave the Defendant the amount to pay off the second mortgage as part of the purchase agreement, but the Defendant never paid it off. This resulted in a

---

[2] The state court judgment was issued on October 27, 2017 by the County Court at Law No. 2 of Dallas County, Texas. The state court also awarded the Plaintiff post-judgment interest and costs of court.

[3] Any Finding of Fact that more properly should be construed as a Conclusion of Law shall be considered as such, and *vice versa*.

breach of the purchase agreement. The Plaintiff sued the Defendant first in small claims court, but that action was dismissed because the amount at issue was too high. The Plaintiff next sued the Defendant in state court, and both parties litigated and participated in that action.[4] The Plaintiff won a judgment against the Defendant in the state court action for breach of contract.

In this case, the Defendant testified that he received a check from the Plaintiff as part of the purchase agreement and did not pay off the second mortgage. The Defendant explained he did not do so because the Plaintiff did not pay for furnishings in the house and the Plaintiff did not pay closing costs. Since buying the house, the Plaintiff has been paying the first mortgage (which he assumed) and the second mortgage, though he is several payments behind on the second mortgage. The Plaintiff relied upon, in part, the state court judgment against the Defendant. The judgment was attached to the Plaintiff's original complaint.

## II.     CONCLUSIONS OF LAW

In order for a bankruptcy court to find a debt nondischargeable, the creditor must prove by a preponderance of the evidence that the debt is exempt from discharge. *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). Section 523(a)(2)(A) of the Bankruptcy Code does not discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit" to the extent that it is obtained by "false pretenses, a false representation, or actual fraud . . . ." *Id.* To prevail, a creditor must show that the debtor made misrepresentations that are (1) knowing and fraudulent falsehoods, (2) describing past or current facts, (3) that were relied upon by the other party. *Id.*

At trial, the Plaintiff did not show by a preponderance of the evidence that the Defendant's representation that he would pay off the second mortgage was a knowing and fraudulent falsehood. The Defendant's testimony that he received the Plaintiff's check but believed the Plaintiff would

---

[4] The Defendant testified in this case that he participated *pro se* in the state court action as well. The Plaintiff was represented by counsel in the state court action.

pay for closing costs and for the contents of the house was credible. The Plaintiff did, however, show that the Defendant's representation described current facts and the Plaintiff relied upon the representation made by the Defendant. But to prevail under § 523(a)(2)(A), the Plaintiff must satisfy all three elements. Here, the first element was not met.

In addition, the Bankruptcy Code "does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To prevail under § 523(a)(6), a creditor must show the debtor committed "an intentional or substantially certain injury in order to be deprived of a discharge." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003). The debtor must have intended the actual injury that resulted. *Tex. by & Through Bd. of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 823 (5th Cir. 1998).

For similar reasons discussed above, the record does not support a finding under § 523(a)(6). The Plaintiff presented insufficient evidence at trial that the Defendant intended to harm the Plaintiff. What the Court seems to have before it, as in the state court action, is a breach of contract. A judgment for breach of contract can create a valid claim in a bankruptcy case. Indeed, it does here, and the Defendant remains bound by the judgment of the state court that found the Defendant breached a contract with the Plaintiff and owes the Plaintiff actual damages. But a mere breach of contract claim is not nondischargeable under §523(a). Accordingly, judgment is granted for the Defendant. The Court has prepared this judgment as both parties are acting *pro se*.

###END OF FINDINGS AND CONCLUSIONS###